**Charanjit SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70208.

Agency No. A77–819–021.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2004.

Decided Feb. 25, 2004.

Ashwani K. Bhakhri, Joseph J. Siguenza, Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Alison R. Drucker, Marion E. Guyton, Attorney, U.S. Department of Justice, Washington, DC, for Respondent.

Before TASHIMA, CLIFTON, Circuit Judges, and LEIGHTON, District Judge.*

MEMORANDUM**

Petitioner Charanjit Singh's application for asylum was denied by the Immigration Judge ("IJ") based on an adverse credibility finding. The Board of Immigration Appeals ("BIA") affirmed the IJ's ruling without opinion. Because we do not find substantial evidence in the record to support the adverse credibility finding, we grant Singh's petition for review.

Because the BIA affirmed the IJ's decision without opinion, it is the IJ's decision that is reviewed here as the final agency action. *See* 8 C.F.R. § 1003.1(e)(4); *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review the IJ's adverse credibility finding for substantial evi-

---

* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dence. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). "Although the substantial evidence standard is deferential, an adverse credibility finding must be based on specific, cogent reason[s], which are substantial and bear a legitimate nexus to the finding." *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001) (alteration in original) (internal quotation marks and citations omitted). "[M]inor inconsistencies and minor omissions relating to unimportant facts will not support an adverse credibility finding." *De Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997). Nor will "conjecture" or "speculation" on the part of the IJ or BIA support an adverse credibility finding. *Maini v. INS*, 212 F.3d 1167, 1175 (9th Cir.2000). Moreover, "[i]f discrepancies cannot be viewed as attempts by the applicant to enhance his claims of persecution, they have no bearing on credibility." *Shah v. INS*, 220 F.3d 1062, 1068 (9th Cir.2000) (internal quotation marks and citations omitted).

The adverse credibility finding was based on five purported inconsistencies: (1) whether or not Singh actually identified a suspect from the photo array that the police showed him, (2) the number of photographs in the photo array, (3) whether he was beaten with sticks or straps or both, (4) whether he was beaten four to six, or four to five times, and (5) whether his father was released alive from his second arrest or whether he was killed and his body was found dumped in a field.

The first two inconsistencies cannot support an adverse credibility finding because they concern only a minor detail of Singh's testimony and cannot be construed as an attempt to enhance his claim of persecution. The transcript indicates substantial confusion between the IJ, Singh, and the attorneys for both the government and for Singh over whether he actually identified a suspect from the photo array. Even de-

ferring to the IJ's conclusion that there is an inconsistency in the photo array testimony, the inconsistency concerns a relatively minor detail concerning Singh's arrest. The salient inquiry is whether or not Singh was actually arrested and beaten, not whether he was loyal to his friends. As for the number of photographs in the array, that is clearly a minor detail that can have no bearing on Singh's overall credibility.

The third inconsistency, whether Singh was beaten with sticks or straps or both, is a minor detail. An applicant's "failure to identify the specific instrument which the police used to whip him is the type of omitted detail that cannot form a proper basis of an adverse credibility finding." *Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir.2000).

The fourth inconsistency, regarding the number of beatings Singh endured, is not in fact inconsistent because the number of beatings he testified to in his direct testimony (four to five) is subsumed within the number he reported to the asylum officer (four to six). Additionally, whether he was beaten four, five, or six times during the course of an overnight interrogation is a minor detail.

The last inconsistency concerns the circumstances surrounding the death of Singh's father, Jarnail. Singh testified that after his father's second arrest, no member of his family had contact with the father until his dead body was found in the fields. However, the sarpanch of the village submitted an affidavit saying in part that "I help his family for the release of late Jarnail Singh on both occassions [sic]. He died on [10/22/96] because of police torture." The IJ perceived this apparent discrepancy as an inconsistency in Singh's testimony. But a closer examination shows that there is no inconsistency between these statements. First, even if the

sarpanch did obtain Jarnail's release, Singh's testimony that no member of his family saw Jarnail alive again is not inconsistent. The IJ's conclusion contains the speculation that if the sarpanch saw Jarnail alive, so did members of Singh's family. Second, the phrase "help his family for the release" does not mean that such help was successful, or that Jarnail was alive when he was eventually released. Third, Singh was not present during the arrest, so an inconsistency between his testimony (learned second-hand from his uncle) and the sarpanch's eyewitness account is hardly surprising.

As an alternative basis for denying the application, the IJ determined that even if Singh's testimony were credible, Singh was not persecuted on account of a protected ground, but as part of a "legitimate police investigation." But if Singh's testimony is credible, then his father was murdered by the police in response to Singh's imputed political activities. That fact is irreconcilable with a conclusion that Singh was not persecuted on a protected ground.

Because the IJ's adverse credibility determination is not supported by substantial evidence, we grant Singh's petition for review. On remand, the BIA shall treat Singh's credibility as established, and determine whether he is otherwise statutorily eligible for asylum. *See He v. Ashcroft,* 328 F.3d 593, 604 (9th Cir.2003) ("The INS, having lost this appeal, should not have repeated opportunities to show that Mr. He is not credible any more than Mr. He, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.").

Because Singh's credibility is essential to deciding his eligibility for withholding of removal and/or relief under the Convention Against Torture, we remand those issues to the BIA for it to make the initial determinations. *See INS v. Ventura,* 537

U.S. 12, 17–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

**PETITION GRANTED; CASE REMANDED.**